# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HOWARD VANVLIET, | § | |
| | § | No. 242, 2014 |
| Claimant-Below, | § | |
| Appellant, | § | Court Below: The Superior |
| | § | Court of the State of Delaware |
| | § | in and for Kent County |
| v. | § | |
| | § | |
| D & B TRANSPORTATION, | § | C.A. No. 13A-06-002 JTV |
| | § | |
| | § | |
| Employer-Below, | § | |
| Appellee. | § | |

Submitted: November 19, 2014
Decided: November 20, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Walt F. Schmittinger, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware, for Appellant.

Cheryl A. Ward, Esquire, Franklin & Prokopik, Wilmington, Delaware, for Appellee.

**STRINE**, Chief Justice:

The appellant, Howard VanVliet, seeks reimbursement from his employer, D & B Transportation, under Delaware's Workers' Compensation Act for surgery performed on him by a Maryland surgeon who was not certified under § 2322D of the Act.[1] Earlier in this matter, the Superior Court issued an opinion indicating that the fact that the surgeon was not certified did not act as a total bar to VanVliet's ability to receive reimbursement from his employer for the cost of the surgery.[2] The Superior Court remanded the matter to the Industrial Accident Board to address whether VanVliet should receive reimbursement for his surgery and related expenses in light of its opinion.

In the interim between the issuance of that decision and the Board's rulings on remand, this Court decided *Wyatt v. Rescare Home Care*.[3] In *Wyatt*, this Court held that, with exceptions not applicable to VanVliet's situation, a claimant could not obtain reimbursement for care provided by a physician who was not certified under § 2322D. The *Wyatt* Court was aware of and considered the Superior Court's contrary ruling in VanVliet's case, but differed in its interpretation of the Workers' Compensation Act. Accordingly, when the employer appealed the Board's award of reimbursement for the surgery costs to VanVliet, the Superior Court applied *Wyatt* and reversed the Board's decision.[4]

In this appeal, VanVliet appears to argue that *Wyatt* was wrongly decided because there is no way to compel non-Delaware physicians to become certified. That is of

---

[1] 19 *Del. C.* § 2322D.
[2] *VanVliet v. D & B Transportation*, 2012 WL 5964392 (Del. Super. Nov. 28, 2012).
[3] 81 A.3d 1253 (Del. 2013).
[4] *D & B Transportation v. VanVliet*, 2014 WL 1724833 (Del. Super. Apr. 30, 2014).

course true, although it is a fact of record that VanVliet's surgeon was the only one in her practice who was not certified in Delaware to perform medical treatments under the Delaware Workers' Compensation statute. That demonstrates that non-Delaware physicians can become certified and have an economic incentive to do so if they wish to treat patients who wish to receive reimbursement under the Act. If a non-Delaware physician decides not to become certified, that is her choice, but in that case, she suffers no deprivation of her legal rights by being denied the benefits that come with certification. We also note that non-Delaware physicians who are not certified may seek pre-authorization from the claimant's workers' compensation carrier to provide specific services in accordance with § 2322D(a)(1) of the Act.

All of us agree that this case cannot be distinguished from *Wyatt*, and that under *Wyatt*'s interpretation of the statute, VanVliet is not entitled to reimbursement for surgery. It is undisputed that the surgery was performed by a non-certified Maryland surgeon and none of the limited statutory exceptions to the certification requirement applied.[5]

The Superior Court, therefore, did not err and its judgment is AFFIRMED.

---

[5] One of us believes it is a close question whether *Wyatt* was correctly decided or whether the Superior Court's different earlier interpretation in this matter is correct, in view of the complexity of the statutory provisions and the liberal construction that is generally given to the Act. But none of us believe that we should deviate from the principle of *stare decisis* given the General Assembly's ability to amend the Act if it disagrees with our interpretation in *Wyatt*.